**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KEITH DEMOND INGRAM, | : | |
| Fed. Reg. No. 97455-071, | : | PRISONER HABEAS CORPUS |
|     Petitioner, | : | 28 U.S.C. § 2241 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-CV-2147-TWT-JSA |
| UNITED STATES OF AMERICA, | : | |
|     Respondent. | : | |

**MAGISTRATE JUDGE'S FINAL ORDER, REPORT AND
RECOMMENDATION**

Petitioner Keith Demond Ingram, a federal prisoner presently confined at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the validity of his convictions and sentences in the United States District Court for the District of South Carolina. The petition is currently before the Court for initial consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4").[1]  (Doc. 1).

On June 19, 2001, a jury in the District of South Carolina convicted Petitioner of armed robbery in violation of 18 U.S.C. § 1951(a); using, carrying,

---

[1] Rule 4 requires the court to order summary dismissal of a petition for habeas corpus "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

brandishing, and possessing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1); and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1).  *See United States v. Ingram*, 43 F. App'x 706, 706 (4th Cir. 2002); *United States v. Ingram*, Criminal Action No. 00-CR-783-JFA-2 (D. S.C.) at Docket No. 67.  Petitioner was sentenced under the Armed Career Criminal Act ("ACCA") to a total term of 342 months of imprisonment.[2]  The Fourth Circuit affirmed Petitioner's convictions and sentences on August 30, 2002.  *Ingram*, 43 F. App'x at 707.

Petitioner unsuccessfully sought § 2255 relief in the District of South Carolina when, on November 29, 2004, the court denied Petitioner's § 2255 motion on the merits.  *United States v. Ingram*, Civil Action No. 03-CV-2883-JFA (D. S.C.) (Doc. Nos. 1, 14).  The Fourth Circuit denied Petitioner a certificate of appealability on August 19, 2005.  *See id.* at Docket No. 24.  On August 6, 2012, Petitioner filed another § 2255 motion to vacate his sentence in the District of South Carolina, which was denied as successive and untimely.  *Ingram*, Criminal

---

[2] The court sentenced Petitioner to 240 months for armed robbery, a consecutive 84 months for possession of a firearm during a crime of violence, and a consecutive 18 months for unlawful possession of a firearm.  *Ingram*, 43 F. App'x at 706; *Ingram*, Criminal Action No. 00-CR-783-JFA-2 at Docket No. 79.

Action No. 00-CR-783-JFA-2 at Docket Nos. 101, 109. Petitioner did not appeal that denial to the Fourth Circuit.

Petitioner filed the instant § 2241 petition in this Court on June 26, 2013. (Doc. 1). In all of his claims, Petitioner essentially challenges the validity of his convictions and sentences. Petitioner also argues that he is "actually innocent" of brandishing and possessing a firearm as well as the sentence enhancement under the ACCA because, according to Petitioner, both predicate crimes functionally were consolidated together.

Section 2255 prohibits a federal district court from entertaining a federal prisoner's application for general habeas corpus relief under § 2241 if the applicant has not applied for, or has been denied, § 2255 relief, unless § 2255 "is inadequate or ineffective to test the legality of his detention" – commonly referred to as 2255's savings clause. The savings clause, however, "does not cover sentence claims that could have been raised in earlier proceedings." *Turner v. Warden Coleman FCI*, 709 F.3d 1328, 1333 (11th Cir. 2013) (quoting *Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011) (internal quotation marks omitted)). Where a petitioner challenges a "fundamental defect in sentencing," in order to invoke the savings clause he must establish two necessary conditions: (1) the

3

claim must be based upon a retroactively applicable Supreme Court decision; and (2) the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1343-44 & n.4 (11th Cir. 2013). If a petitioner claims his actual innocence, he must also demonstrate an additional requirement that the retroactive Supreme Court decision establishes that the petitioner was convicted of a non-existent offense. *Id.* at 1343; *see also Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).

In this case, Petitioner does not cite to any retroactive Supreme Court case decided after he committed his offenses that would allow him to utilize the savings clause, and none of his claims were foreclosed by Fourth Circuit law at the time of his appeal and two § 2255 motions. "In short, no Circuit precedent on the books during [Petitioner's] collateral attack foreclosed his argument[s] and rendered his § 2255 motion an ineffective test of his claims." *Williams*, 713 F.3d at 1345.[3]

---

[3] The Court also notes that to the degree that Petitioner claims that he was actually innocent of the sentence enhancements and/or certain sentencing guideline applications, any such claims are not authorized under the savings clause because the crimes for which he was convicted, not the sentencing enhancements, are the focus of the actual innocence inquiry. *See, e.g., Gilbert*, 640 F.3d at 1320 ("A

4

Finally, a petition for writ of habeas corpus under § 2241 is not a substitute for a motion under § 2255, *see McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979),[4] and Petitioner may not invoke § 2241 jurisdiction in this Court to challenge his 2001 convictions and sentences merely because he is otherwise barred from pursuing relief under § 2255 in the sentencing court. *See Wofford*, 177 F.3d at 1244; *See also Daniels v. Warden, FCC Coleman-USP I*, __ F. App'x __, 2013 WL 5225494, at *1 (11th Cir. Sept. 18, 2013) ("[A] petitioner who has filed a previous § 2255 motion, and been denied, may not circumvent the Antiterrorism Effective Death Penalty Act's ("AEDPA")successive -motion rule simply by filing a petition under § 2241."); *Ramos v. Warden, FCI Jesup*, 502 F. App'x 902, 904 (11th Cir. 2012) ("[A] § 2241 habeas petition may not be used to avoid the restrictions on second or successive § 2255 motions when a prisoner failed to raise the claim at an earlier stage.").

---

defendant who is convicted and then has the . . . career offender enhancement, or any other guidelines enhancement, applied in the calculation of his sentence has not been convicted of being guilty of the enhancement.").

[4] Decisions of the former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981).

5

Thus, Petitioner cannot challenge his current federal convictions and sentences by way of the instant § 2241 application. Accordingly, the instant § 2241 application must be dismissed for this Court's lack of subject matter jurisdiction. *See Williams*, 713 F.3d at 1340 ("In short, in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts.").

In light of the foregoing analysis, **IT IS RECOMMENDED** that the instant petition for writ of habeas corpus [Doc. 1] be **DISMISSED** pursuant to Rule 4.

**IT IS HEREBY ORDERED** that Petitioner be granted *in forma pauperis* status for the purpose of dismissal only.

6

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 6th day of November, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)